IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,396-01




EX PARTE DAVID JOHN GUEST, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1136079D IN THE 371ST DISTRICT COURT
FROM TARRANT COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twelve years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance. Trial counsel
submitted a sworn affidavit in response to Applicant’s claim, and based on this affidavit, the trial
court recommended that we deny relief. We agree that Applicant’s claim is without merit. 
            The trial court also recommended in the alternative that we dismiss this application because
on the date it was filed in the trial court Applicant could have filed a motion for new trial or a notice
of appeal. As a result, the trial court concluded that Applicant’s conviction was not yet final. We do
not have jurisdiction under Article 11.07 unless a felony conviction is final. Tex. Code Crim. Proc.
art. 11.07, § 3(a). But we have not held that, for purposes of Article 11.07, a conviction is not final
if an applicant could have filed a motion for new trial or a notice of appeal on the date his application
was filed in the trial court. With these words, we deny relief.
 
Filed: September 15, 2010
Do not publish